(5 Misc. Rep. 192.)

### GORDON v. RASINES.

(Superior Court of New York City, Special Term. September, 1893.)

BANKS—DEPOSIT OF NOTES FOR COLLECTION—RIGHT TO PROCEEDS.

Where notes deposited with a bank for collection are paid, and the proceeds are credited to the depositor's account, the transaction creates only the ordinary relation of debtor and creditor between the parties, though on the day after the notes were paid the bank failed.

Application by Gordon to compel Rasines, as receiver of the Canal Street Bank, to pay over the proceeds of certain notes collected by the bank. Denied.

A. & L. Levy, for the motion.

M. J. Mulqueen, opposed.

McADAM, J. The petitioner, a depositor with the Canal Street Bank, prior to June 5, 1893, deposited with it for collection three notes, falling due on that day. The notes were collected and were on the same day passed to the petitioner's credit in like manner as checks deposited and collected on that day would have been passed. The transaction created nothing more nor less than the ordinary relation of debtor and creditor between the parties, and the bank had the right to mingle the funds collected with its own, a privilege it no doubt exercised. The petitioner is consequently left with the like remedies possessed by other depositors, and has no higher equities or claim to favor. The fact that the bank did not open the following day, (June 6th,) and subsequently passed into the hands of a receiver, does not change the legal result declared. The petitioner must therefore come in with the other creditors for his share

of whatever dividend may be paid. If the petitioner's money had reached the bank subsequently to June 5th, a different question would have arisen. If the petitioner had not been a regular depositor, controlled by bank customs, and the bank had undertaken some specific duty respecting the collections, with a special agreement to return to him the specific moneys collected, no title to the moneys would have passed from him, but such is not this case, for the petitioner, as a regular depositor, was only to be credited with the proceeds of the collection, that he might draw against the same as he might have drawn against the proceeds of checks deposited in like manner. The question, in the form presented, approaches the border line between two rules, but the division is so well defined that there is no trouble in determining which side it is on, or in selecting the rule which controls. See Morse, Banks, (3d Ed.) § 248, and cases cited. Application to compel receiver to pay over denied, without costs. Motion denied.